IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TYWANDA CARTER and<br>CLIFTON CARTER,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MONTGOMERY POLICE<br>DEPARTMENT, *et al.*,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 2:17-cv-077-MHT-WC<br>)<br>)<br>)<br>)<br>) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Plaintiffs' Complaint (Doc. 1) and Plaintiff Tywanda Carter's motion for leave to proceed *in forma pauperis* (Doc. 2). On February 14, 2017, the District Judge entered an Order (Doc. 2) referring this matter to the undersigned Magistrate Judge "for consideration and disposition or recommendation on all pretrial matters as may be appropriate."

Because at least one Plaintiff has requested leave to proceed *in forma pauperis*, the court is obligated to undertake review of Plaintiff's Complaint pursuant to the provisions of 28 U.S.C. § 1915(e). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). That statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i)-(iii).

On February 21, 2017, the undersigned Magistrate Judge entered an order (Doc. 8) noting that Plaintiffs' complaint fails to state any claim upon which relief could be granted and that it was therefore due to be dismissed pursuant to § 1915(e)(2)(B)(ii).  In short, the undersigned concluded that Plaintiffs' Complaint failed to present any well-pleaded allegations of fact with respect to any claim against any of the individual Defendants Plaintiffs are suing, and that Plaintiffs lacked standing to bring any claim against Defendants premised on an alleged failure to adequately investigate a Crime or arrest and charge the person Plaintiffs believe committed such crime.  Doc. 8 at 3-4.   The Order further directed as follows:

> Plaintiffs shall, **on or before March 14, 2017**, file an amended complaint that, consistent with the principles described in this order, complies with Rule 8(a) of the Federal Rules of Civil Procedure so that this court may satisfy its statutory screening obligation and, if appropriate, Defendants may respond to Plaintiffs' allegations.  Plaintiffs must clearly and succinctly allege the facts with which they are aggrieved, and, as to each Defendant named in the complaint, they must clearly and succinctly allege the specific actions taken by such Defendant which they allege has violated their constitutional rights.

Doc. 8 at 4-5.  Finally, the Order cautioned Plaintiffs that, should they fail to file an amended complaint as directed, the undersigned would enter a "recommendation that this case be dismissed for failure to prosecute this action and abide by the orders of the court." *Id.* at 5.

Plaintiffs have not filed their amended complaint as instructed by the court's Order of February 14, 2017.  Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that the Complaint (Doc. 1) be DISMISSED due to Plaintiffs' failure to prosecute this action and abide by the orders of the court.  It is further

ORDERED that Plaintiffs are DIRECTED to file any objections to the said Recommendation on or before **April 3, 2017**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 20th day of March, 2017.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE